IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS JAMES JACKSON,

    Petitioner,

v.                                    CASE NO. 5:18-cv-106-MCR-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is ECF No. 1, Petitioner's *pro se* Petition for Writ of Mandamus. Petitioner has not paid the requisite filing fee, however, nor has he filed a motion for leave to proceed in forma pauperis.

Nevertheless, a cursory screening of the Petition discloses that the Petition is due to be dismissed. *See* 28 U.S.C. § 1915(e) (a federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (a claim is frivolous, and must be dismissed,

when it "lacks an arguable basis either in law or in fact").

Petitioner requests the Court to issue a writ of mandamus under 28 U.S.C. § 1651 compelling the Jackson County Circuit Court to rule on his motion for speedy trial filed on October 30, 2017. (ECF No. 1.) He says that although he is in the custody of the Florida Department of Corrections and available for trial, his criminal case has been pending since January 15, 2016. (*Id.*)

Relief under § 1651 is a drastic one and is reserved for extraordinary situations. *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). The Supreme Court has recognized that the writ of mandamus "has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Id.* (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)). "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Cheney v. U.S. Dist. Ct. for the D. of Columbia*, 542 U.S. 367, 280 (2004) (internal quotation marks and citations omitted).

A petition must satisfy three conditions before a federal court may

grant a writ of mandamus:

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir.), *cert. denied*, 138 S. Ct. 381 (2017) (quoting *Cheney*, 542 U.S. at 380–81).

Petitioner has not—and cannot—show that he is entitled to this drastic remedy because "[i]t is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006) (citing *Lamar v. 118th Judicial Dist. Ct. of Tex.*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. Tenn.*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. Wash.*, 366 F.2d 678, 681–82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd*, 673 F.2d 1337 (9th Cir. 1982); *Lessard v. Wis.*, 449 F.Supp. 914, 915 (E.D. Wis. 1978)); *see Kendricks v. Fourth Judicial Cir. Duval Cty. Courthouse*, No. 3:11-cv-1221-J-12MCR, 2011 WL 6328387

(M.D. Fla. Dec. 15, 2011) (dismissing petition for writ of mandamus seeking writ directing state circuit court to rule on a pending postconviction motion); *Garland v. Fla. Dep't of Law Enforcement*, No. 8:09-cv-1208-T-17EAJ, 2009 WL 1918975, at *2 (M.D. Fla. July 2, 2009) (dismissing petition for writ of mandamus requesting federal district court to issue writ of mandamus to the Florida Department of Law Enforcement to investigate Plaintiff's claims or to release him from prison).

Although the Court normally would allow a *pro se* petitioner to amend his petition, amendment here would be futile because Petitioner wants the Court to compel a state circuit court to rule on a pending motion—an action that does not fall within the Court's jurisdiction.

Accordingly, it is respectfully **RECOMMENDED** that:

The Petition for Writ of Mandamus, ECF No. 1, should be **DISMISSED**, and the case closed.

**IN CHAMBERS** this 7th day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be**

**filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

*Case No: 5:18-cv-106-MCr-GRJ*